IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Roberta Karnofsky, | ) | Civil Action No.: 2:14-cv-949-PMD |
| | ) | |
| Plaintiff, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Massachusetts Mutual Life Insurance Company, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, Massachusetts Mutual Life Insurance Company (hereinafter "MassMutual"), by its counsel, pursuant to 28 U.S.C. § 1446, files this Notice of Removal and alleges:

1. MassMutual is a Defendant in an action entitled <u>Roberta Karnofsky v. Massachusetts Mutual Life Insurance Company</u>, Civil Action No. 2014-CP-10-0806, which is now pending in the Court of Common Pleas for Charleston County, State of South Carolina.

2. Defendant was served with Plaintiff's Summons and Complaint on February 18, 2014.

3. At the time of the commencement of this action, Plaintiff was, and upon information and belief, still is a citizen of the State of South Carolina.

4. At the time of the commencement of this action, Defendant was a corporation organized and existing pursuant to the laws of the Commonwealth of Massachusetts, and had its principal place of business in the Commonwealth of Massachusetts.

5. This action is of a civil nature and involves a controversy between citizens of different states. The value of the matter in dispute exceeds the sum of $75,000.00, exclusive of interest and costs, as appears from allegations in the Complaint. This action is for the recovery of disability benefits under a disability insurance policy with Defendant. Plaintiff has alleged state law causes of

1

action for breach of contract, and bad faith failure to pay insurance benefits.  With respect to Plaintiff's breach of contract cause of action, $309,375.00 of disability benefits are at issue. Additionally, although Defendant in no way concedes that it acted in bad faith, punitive damages may be available for a cause of action for bad faith failure to pay insurance benefits.  See, Nichols v. State Farm Mutual Auto Ins. Co., 279 S.C. 336, 306 S.E.2d 616 (1983); see also, Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240 (1943) ("[W]here both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount"); See also, State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513, 1520 (2003) (upholding punitive damages up to four times actual damages and indicating that punitive damages up to nine times actual damages may be appropriate in certain circumstances). This action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. §1332.

6.      Defendant files herewith as Exhibit "A", copies of all process, pleadings, and Orders received by Defendant.

7.      Written notice of the filing of this Notice of Removal will be given to Plaintiff, and together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of Court for Charleston County, State of South Carolina.

    s/Theodore D. Willard, Jr.
Theodore D. Willard, Jr.
**MONTGOMERY WILLARD, LLC**
Federal I.D. No.: 5163
1002 Calhoun Street
Post Office Box 11886
Columbia, South Carolina 29211-1886
Telephone:  (803) 779-3500

ATTORNEYS FOR THE DEFENDANT
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

March 17, 2014
Columbia, South Carolina

3