**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Roberta Karnofsky, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:14-cv-949-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Massachusetts Mutual Life | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motions to reconsider this Court's orders dated December 7 and 29, 2015 (ECF Nos. 59 & 61). For the reasons set forth herein, Plaintiff's motions are granted in part and denied in part.

The Court has carefully reviewed Plaintiff's motions to reconsider and concludes that, with one exception explained further herein, there is no basis for this Court to modify its December 7 or December 29 orders. Plaintiff contends that the Court failed to rule on an alternative ground for summary judgment found in her Motion for Partial Summary Judgment (ECF No. 33). By way of a footnote and two paragraphs in her conclusion, Plaintiff contended in that motion that if the Court concluded she was not entitled to total disability benefits, she was alternatively entitled to full partial disability benefits from September 2010 to July 2011. During that period, Defendant paid Plaintiff only 50% of her partial disability benefits. Plaintiff did not receive full partial disability benefits because she failed to show that she had suffered the requisite 75% loss of income required by her policy. The **only relevant evidence** Plaintiff offered in her motion for partial summary judgment to show her loss of income was a document Defendant produced that stated:

> [T]he Insured . . . appears to experience a greater than 75% LOI [Loss of Income]. Again, the financial information submitted to date is not in the proper format or of substance to perform accurate calculations. However, we will issue Partial Disability benefits for the period of March 10, 2012 through June 9, 2012 at 100% in order to be of service to the Insured.

(Pl.'s Mot. Partial Summ. J., Ex. 16, ECF No. 33-19, at 1.) This minimal showing is insufficient to warrant granting summary judgment for Plaintiff on her alternative ground. Although, as discussed above, Defendant paid Plaintiff full partial disability benefits from March 2012 to June 2012, that fact alone is insufficient for this Court to reach a different result.[1] Beyond the above-quoted sentences, there was no evidence presented to the Court in Plaintiff's motion for partial summary judgment that her loss of income reached the 75% threshold. Because that document expressly states that the financial information submitted by Plaintiff cannot yield accurate calculations, Plaintiff's alternative ground for partial summary judgment must be denied.

Plaintiff's request to certify is also denied. "Only if the available state law is clearly insufficient should the court certify the issue to the state court." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). Here, Plaintiff asserts that the Court incorrectly interpreted state law, while simultaneously requesting certification. South Carolina law is sufficient in this area; Plaintiff merely disagrees with this Court's ruling. Accordingly, certification is inappropriate.

Finally, Plaintiff's request for a hearing pursuant to Local Rule 7.08 is denied. As stated in Rule 7.08, "hearings on motions may be ordered by the Court in its discretion." The Court finds no reason to hold a hearing on Plaintiff's motion, as the parties have completely and thoroughly briefed the issues. Accordingly, Plaintiff's request is denied.

---

1. Exhibit 16, quoted *supra*, also contains a paragraph addressing the September 2010 to July 2011 period. As with the March 2012 to June 2012 period, Plaintiff failed to submit documents to Defendant in the form requested. Exhibit 16 states that "after reviewing [the submitted documents] in totality and concluding that the **minimum** qualifying Loss of Income was likely experienced, [Defendant] will approv[e] Partial Disability benefits during this period in order to be of service to the Insured at the 50% minimum specified by the Policy." (Pl.'s Mot. Partial Summ. J., Ex. 16, ECF No. 33-19, at 1 (emphasis added).) According to Plaintiff's policy, 25% was the minimum qualifying loss of income. Thus, the conclusion that Plaintiff likely experienced the minimum qualifying loss of income cannot support summary judgment for the Plaintiff on the grounds that she suffered a 75% loss of income.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motions to Reconsider are **GRANTED IN PART AND DENIED IN PART**.

  AND IT IS SO ORDERED.

                   PATRICK MICHAEL DUFFY
                   United States District Judge

**March 28, 2016**
**Charleston, South Carolina**