#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | | |
|---|---|---|
| Roberta Karnofsky, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:14-cv-949-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Massachusetts Mutual Life | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's motion for expenses, including attorney's fees, related to the deposition of Dr. Oliver Wood (ECF No. 101). Defendant's motion is granted.

### **BACKGROUND/PROCEDURAL HISTORY**

This action arises out of a dispute over disability insurance benefits that Plaintiff alleges Defendant owes her. On February 25, 2016, the Court entered an order permitting Defendant to take Dr. Oliver Wood's deposition beyond the discovery deadline. The Court permitted this late discovery as a result of Plaintiff's failure to comply with Rule 26(e) of the Federal Rules of Civil Procedure as it pertains to Dr. Wood's expert report. In lieu of excluding Dr. Wood and his report, the Court permitted Defendant to take Dr. Wood's deposition and ordered Plaintiff to pay all costs of that deposition pursuant to Rule 37(c)(1)(A). Defendant deposed Dr. Wood on September 6, 2016. Defendant then submitted its costs and attorney's fees arising from Dr. Wood's deposition to Plaintiff for payment. Plaintiff refused to pay Defendant's attorney's fees in connection with Dr. Wood's deposition, arguing that the Court's order only required her to

pay Defendant's costs. Thereafter, Defendant filed the instant motion on September 29 and Plaintiff responded on October 17. Accordingly, this matter is now ripe for consideration.

## ANALYSIS

The Court need not undertake a painstaking analysis to explain its prior order, which cited Rule 37(c)(1)(A) and stated that "[s]hould Defendant's counsel elect to depose Dr. Wood, all costs of his deposition will be borne by Plaintiff. *See* Fed. R. Civ. P. 37(c)(1)(A)." (Order, ECF No. 76, at 10.) The cited rule provides that the Court "may order payment of the reasonable expenses, **including attorney's fees**," caused by a party's failure to abide by Rule 26. Fed. R. Civ. P. 37(c)(1)(A) (emphasis added). While the Court's February 25 order may not have explicitly included attorney's fees, the Court intended for Plaintiff to bear the costs of Defendant's attorney's fees in connection with Dr. Wood's deposition as a result of its conduct relating to Dr. Wood's report.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's motion is **GRANTED** and Plaintiff is **ORDERED** to pay Defendant's attorney's fees in connection with Dr. Wood's deposition.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 27, 2016**
**Charleston, South Carolina**