**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Roberta Karnofsky, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:14-cv-949-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Massachusetts Mutual Life | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's post-trial motion for judgment as a matter of law and a new trial (ECF No. 151), and Plaintiff's objections to Defendant's bill of costs (ECF No. 152). For the reasons set forth herein, Plaintiff's motion for judgment as a matter of law and a new trial is denied, and Plaintiff's objections to the bill of costs are sustained in part and overruled in part.

**BACKGROUND**

These motions are before the Court after a week-long jury trial. At the conclusion of the trial, the jury found for the Defendant on all causes of action.[1] Plaintiff now presents five arguments in support of her demand for a new trial. First, Plaintiff asserts that the Court erred by instructing the jury that she was not totally disabled from the time of her accident. Second, Plaintiff claims that the defense verdict is against the manifest weight of the evidence and thus the Court should grant a new trial under the thirteenth-juror doctrine. Third, Plaintiff argues that

---

1. Plaintiff claims that the jury found in her favor, but awarded her zero dollars. The Court disagrees. Critically, the jury did not find for the Plaintiff on either of the first two questions on the verdict form. Affirmative answers to those questions predicated any award of damages to Plaintiff. Although the jury did write in zero dollars of damages, they also marked signed the verdict form under the sentence stating that they had found for Defendant. If the jury had found for the Plaintiff and chosen not to award any damages, they would not have signed the second statement.

all evidence, argument, and testimony about the South Carolina Department of Insurance's findings should have been excluded under Federal Rules of Evidence 402 and 403. Fourth, Plaintiff contends that the Court erred by not permitting her to question Barbara Mueller about her incomplete review of the whole claim file. Finally, Plaintiff reasserts all of the grounds set forth in her motion for partial summary judgment (ECF No. 33), her motion to alter or amend the Court's order on that motion (ECF No. 60), as well as all of the grounds set forth in her motions for directed verdict at the end of her case and at the end of Defendant's case.

Plaintiff also raises several objections to Defendant's bill of costs. First, Plaintiff claims that Defendant was not the prevailing party. Second, Plaintiff asserts that she filed this action in good faith. Third, Plaintiff argues that Defendant's costs are excessive, not properly documented, and not allowed by law.

## PROCEDURAL HISTORY

Plaintiff filed her motion for judgment as a matter of law and for a new trial on December 2, 2016. Defendant responded on December 12, and Plaintiff replied on December 19. Plaintiff filed her objections to Defendant's bill of costs on December 5, and Defendant responded on December 12. Plaintiff has requested a hearing, but the Court concludes no hearing is necessary. *See* Local Civ. Rule 7.08 (D.S.C.). Accordingly, these matters are now ripe for consideration.

*Plaintiff's Motion for Judgment as a Matter of Law (ECF No. 151)*

## LEGAL STANDARD

"If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). "In ruling on the renewed motion, the court may: (1) allow a judgment on the verdict, if the jury returned a

verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." *Id.* Judgment as a matter of law must be entered "[i]f a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." *Myrick v. Prime Ins. Syndicate, Inc.*, 395 F.3d 485, 489 (4th Cir. 2005). "If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and a motion for judgment as a matter of law should be denied." *Id.* at 489–90. Motions for judgment as a matter of law are viewed in the light most favorable to the nonmoving party. *Id.* at 490.

## **DISCUSSION**

Plaintiff first asserts that the Court erred by instructing the jury that Karnofsky was not totally disabled from the time of her accident. Although not entirely clear, Plaintiff appears to attack both the preliminary instruction given to the jury about the Court's summary judgment ruling, as well as the Court's summary judgment decision itself. As to the latter, the Court has already denied Plaintiff's motion to reconsider its summary judgment decision, and the Court will not take that matter up again. Plaintiff's reference to *Slachta v. Reliance Standard Life Insurance Co.*, 444 F. Supp. 2d 544 (D.S.C. 2006), does not change the Court's analysis. As for the objection to the preliminary instruction, Plaintiff failed to contemporaneously object at the time it was given. Accordingly, any objection to the preliminary instruction has been waived. *See Haywood v. Ball*, 586 F.2d 996, 1000 (4th Cir. 1978) (failure to timely object to jury instructions as set forth in Rule 51of the Federal Rules of Civil Procedure constitutes a waiver of any objection to those instructions).

Second, Plaintiff claims that the verdict is against the manifest weight of the evidence and that the verdict is based on erroneous jury instructions. Plaintiff contends that Defendant

admitted Plaintiff was entitled to at least partial disability benefits during the ten-month period at issue. Additionally, Plaintiff claims, Defendant failed to refute her assertion that she was totally disabled during that period. Plaintiff also argues that the Court should have used her jury instruction regarding an insurer's duties when its interests conflict with the insured's. Finally, Plaintiff argues that the Court should not have given a jury instruction drawn from *Cabe v. Aetna Casualty & Surety Co.*, 544 N.Y.S.2d 862, 863 (N.Y. App. Div. 1989).

On the issue of jury instructions, the Court stated at trial that it would not use Plaintiff's proposed instruction on the insurer's duty to sacrifice its interests when its interests conflict with the insured's. That proposed instruction was based on *Tyger River Pine Co. v. Maryland Casualty Co.*, 170 S.E. 346, 348 (1933). *Tyger River* involved an insurer's failure to settle claims against its insured within policy limits, a scenario that does not match the facts of this case. For that reason, and out of fear of confusing the jury, the Court did not use Plaintiff's proposed instruction. The Court therefore overrules Plaintiff's objection. The Court also overrules Plaintiff's objection to the jury instruction drawn from *Cabe*. That instruction was included in the parties' jury instruction submission as a joint instruction. Accordingly, by originally consenting to its inclusion, Plaintiff waived any argument as to its impropriety.

Plaintiff next objects to the Court's refusal to instruct the jury that it is entitled to consider negligence on the issue of unreasonable refusal to pay benefits. The Court declined to give that instruction to avoid confusing the jury by use of the term "negligence"—a concept that was not present anywhere else in the case. The Court simply charged the jury on the elements of bad faith as agreed by the parties. Accordingly, that objection is overruled.

Plaintiff also objects to the Court including the words "consequential damages" in its charge on bad-faith damages, without also providing a line for consequential damages on the verdict form. At trial, the Court instructed the jury in relevant part as follows:

> Let's talk about bad faith damages. If you determine that the Plaintiff has proven her bad faith refusal to pay benefits cause of action, you may award actual or compensatory damages. You may also award two additional types of damages. One, consequential damages, including emotional distress, and two, punitive damages.

The Court then instructed the jury only on emotional-distress damages and punitive damages. There was no further mention of consequential damages because Plaintiff failed to introduce evidence of any other consequential damages at trial.[2]

Although not raised as a consequential damage during the charge conference at trial, Plaintiff now asserts that Dr. Wood's testimony about interest owed on the disputed disability payments demonstrated Plaintiff's entitlement to consequential damages other than emotional distress. The jury's no-liability findings clearly demonstrate that even if available, they would not have awarded consequential damages. As discussed in footnote one, the jury found for the Defendant on all causes of action. Plaintiff's objection is therefore overruled.

Plaintiff's final jury-instruction objection pertains to the Court's decision not to instruct the jury on aggravation of Plaintiff's emotional distress. Defendant correctly notes that the Court's charge on proximate cause adequately addressed this very issue. Accordingly, Plaintiff's objection is overruled.

The Court now turns to Plaintiff's argument that the verdict was against the weight of the evidence. Plaintiff contends that she was entitled to total disability benefits from September 10,

---

2. Plaintiff's counsel stated in the charge conference that the costs Plaintiff incurred by supplying needless information to Defendant were consequential damages. Assuming that is correct, Plaintiff would still not have been entitled to those damages because she did not introduce any evidence of what those costs were. Thus, any award would have been speculative.

2010, to July 11, 2011.  She claims that Defendant presented no evidence to refute her claim that she was totally disabled during the relevant period.  She further claims that Defendant's own medical consultant, Dr. Parisi, found Plaintiff's physician's findings reasonable.  Defendant raises three points in opposition.  First, Defendant points out that Dr. Parisi specifically did not opine that Plaintiff was totally disabled during the relevant period.  Dr. Parisi instead stated that it would be responsible to support partial impairment during the period, but notes that Plaintiff was still working at Low Country Laserworks and doing some other work.  Because of that work, Dr. Parisi did not conclude that Plaintiff was totally disabled during the relevant period.  Thus, the jury could have reached more than one conclusion about Plaintiff's level of impairment.  Second, Defendant correctly points out that the policy also requires Plaintiff to show a demonstrated relationship between her loss of income and her disability.  There was sufficient evidence to create a jury question on that issue as well.  Accordingly, Plaintiff's objection that the verdict was against the weight of the evidence is overruled.

Third, Plaintiff objects to the Court's decision to allow Defendant to introduce evidence about the outcome of Plaintiff's South Carolina Department of Insurance ("DOI") complaint.  There is no merit to Plaintiff's argument.  Plaintiff correctly states that the outcome of the DOI's inquiry is not determinative of the outcome in this Court.  However, it was Plaintiff's decision to introduce her complaint to the DOI at trial.  The DOI's conclusion had significant probative value and, as recognized by Federal Rule of Evidence 106, Defendant was entitled in the interest of fairness to present a complete picture to jury.  To prevent any confusion about whether the DOI's conclusion was outcome-determinative, the Court gave Plaintiff's requested limiting instruction *ad nauseam*.  Accordingly, Plaintiff's objection is overruled.

Fourth, Plaintiff argues that Defendant's bad-faith expert should have been allowed to testify that her review of the case file was incomplete. Plaintiff's counsel claim that the Court improperly prevented them from questioning Barbara Mueller, Defendant's expert, about Defendant's decision to pay certain benefits in October 2016. Defendant's expert clearly indicated that she was not prepared to opine on anything that occurred after suit was filed, and thus her testimony would not satisfy Federal Rule of Evidence 502. Additionally, the Court agrees with Defendant that if the jury wished to draw an inference that Defendant's expert's review was incomplete, they could have done so on the basis of her testimony that she had not reviewed the claim file after the litigation was filed. As a result, Plaintiff's objection is overruled.

Finally, Plaintiff and Defendant both moved for judgment as a matter of law at the conclusion of Plaintiff's case and at the conclusion of Defendant's case. In her motion for new trial, Plaintiff renewed her motion for judgment as a matter of law. At trial, Plaintiff requested judgment as a matter of law on her declaratory judgment and contract claims, arguing that she was entitled to a declaratory judgment stating that she was covered under the policy for the periods in which Defendant fully paid on her claim. Plaintiff also argued that Defendant's decision to pay the first fifty percent of benefits without regard to whether there was a demonstrated relationship between her disability and her loss of income precludes Defendant from now arguing that there was no demonstrated relationship. Defendant objects, stating that the declaratory judgment issues were mooted by Defendant's decision to pay benefits, and that it paid the fifty percent benefits as a service to Plaintiff, not because she had established a demonstrated relationship between her disability and her loss of income. Because there were enough contested facts on both issues, the Court sent both to the jury. The Court sees no reason

to depart from that decision. Accordingly, Plaintiff's renewed motion for judgment as a matter of law is denied.

### *Plaintiff's Objections to Defendant's Bill of Costs (ECF No. 152)*

Plaintiff also objects to Defendant's bill of costs on the grounds that Defendant was not the prevailing party, that Plaintiff did not file this action in bad faith, and that Defendant's costs are excessive. As discussed above, Defendant was in fact the prevailing party. However, the Court does not find that Plaintiff filed this action in bad faith. Therefore, the Court now turns to whether Defendant's requested costs are justified.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party." 183 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision to deny costs by articulating some good reason for doing so.'" *Id.* (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Id.*

"Although the losing party's good faith is a 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* Rather, the Fourth Circuit has stated that in order to justify denying an award of costs, one or more of the following factors must be present: (1) the prevailing party's misconduct; (2) the losing party's inability to pay; (3) the excessiveness of the costs; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. *Id.*

As to the first factor, there is no evidence that Defendant engaged in any type of misconduct. On the second factor, Plaintiff has presented limited evidence that she has suffered a financial hardship. Plaintiff cites *Musick v. Dorel Juvenile Group, Inc.* in support of her contention that she should be excused from paying costs. However, in *Musick*, the court was presented with uncontroverted testimony that the losing party's family had less than $1,000.00 in the bank. No. 1:11CV00005, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012). While the Court has heard generic testimony about Plaintiff's financial hardships, Plaintiff has not produced specific evidence detailing the extent of those hardships in connection with her motion. Without that evidence, the Court cannot validate her claim of financial hardship. The Court further concludes that Defendant's victory was not of limited value, and that the issues decided were not particularly close or difficult. As a result, the Court turns to the third factor: excessiveness of Defendant's claimed costs.

Plaintiff raises objections to Defendant's requested costs for photocopying expenses, transcript expenses, and subsistence expenses for its witnesses. The Court will address each in turn. "'The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge.'" *Kelley v. Int'l Bhd. of Teamsters, Local Union 71*, No. 4:11-cv-1268-RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (quoting *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)). Here, Defendant has proffered an itemized list of its copying expenses and their purposes in its bill of costs. Defendant does admit that the jury questionnaire copying expenses were solely for Defendant's counsel's use, so those costs will be excluded. However, Defendant has offered reasonable explanations for the remainder of the copying expenses.

Plaintiff also objects to the inclusion of shipping and handling, exhibit fees, and copies of deposition exhibits in Defendant's bill of costs. Plaintiff argues that those fees are not attributable to her. The Court agrees. *See Perry v. Pamlico Cty.*, No. 4:13-CV-107-D, 2015 WL 6393252, at *1 (E.D.N.C. Oct. 19, 2015) (concluding that charges for shipping and handling, exhibit fees, witness letters, and document printing in connection with deposition transcripts are not allowed by statute or by Rule 54). Accordingly, those charges will be excluded from Defendant's award.

Finally, Plaintiff objects to the subsistence costs for each of Defendant's witnesses, claiming that their extended presence at trial was not necessary, and that subsistence costs for alcohol and entertainment should not be allowed. Here, Plaintiff complains of a mess largely of her own making. Plaintiff's case took longer than expected to present, and Defendant's witnesses were thus required to be available for longer than originally contemplated. As a matter of strategy and efficiency, Defendant was required to keep multiple witnesses ready to testify at the conclusion of Plaintiff's case. The Court sees nothing improper about the number of days Defendant's witnesses spent in Charleston. However, the Court will exclude all alcohol expenses as improper under GSA regulations. Although Plaintiff objects to entertainment costs, the Court is unaware of any specific entertainment costs beyond meal costs. Because the meal costs were within the GSA's per diem limits, the Court will not reduce them.

Thus, Plaintiff's objections to Defendant's bill of costs are sustained in part and overruled in part. As set forth above, Defendant's bill of costs is approved, with the exception of Defendant's expenses for jury questionnaire copies ($154.88), Defendant's non-allowable

expenses for transcripts ($807.11), and Defendant's alcohol expenses ($34.50).[3]  Accordingly, Defendant's bill of costs is reduced by $996.49.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for judgment as a matter of law and for a new trial is **DENIED** and that her objections to Defendant's bill of costs are **SUSTAINED IN PART AND OVERRULED IN PART**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 14, 2017**
**Charleston, South Carolina**

---

3.  The Court was unable to determine whether there were additional expenses for alcohol on the non-itemized receipts.  Accordingly, Defendant is hereby ordered to further reduce its bill of costs, if necessary, to reflect the deletion of all charges for alcohol.